No. 21464.

Martin Marietta Corporation, et al. *v.* Arthur D. Faulk, et al.

(407 P.2d 348)

Decided November 8, 1965.

MARGARET R. BATES, for plaintiffs in error.

JAMES B. RADETSKY, CHARLES J. ONOFRIO, for defendant in error Arthur D. Faulk.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THIS is a Workmen's Compensation case.

Arthur D. Faulk will be referred to as the claimant or by name, the Industrial Commission of Colorado as the Commission, the Martin Marietta Corporation as the Company, and the Continental Casualty Company as the Insurer.

The sole question presented for our determination is whether there was sufficient evidence introduced to

sustain the finding that the claimant's back injury was compensable as an industrial "accident" within the meaning of the Workmen's Compensation Act as it existed prior to the 1963 revision thereof (C.R.S. 1963, 81-2-9).

The first hearing on the claim was had before the Commission's referee on January 31, 1963. He found against the claimant and dismissed the claim. On appeal the Commission reversed the ruling of the referee and found that the claimant's injury was "itself an accident since it was not designed by him, nor expected by him, but was experienced in the ordinary and usual course of his employment."

Following the filing of a complaint by the Company and the Insurer to vacate the award, and a hearing thereon, the District Court of Denver adopted the Commission's findings and entered a judgment in favor of the claimant. A motion for a new trial was denied and review is now sought in this court by writ of error.

The pertinent facts may be summarized as follows: At the time of the accident, Faulk had been employed for two years as a structural test mechanic by the Company. The job required him to perform heavy lifting. On October 31, 1962, he was helping to install "load lines" weighing 50 pounds per foot. During his lunch break, he suffered his first pains in the upper rear portion of one leg. Later that day on returning home, the claimant tried a hot bath and rubbing to ease the pain but to no avail. He mentioned to a co-worker on November 2nd that he had been soaking himself in the bathtub, but still felt pain in the morning on arising. On November 5th, he sought medical assistance from the Company's doctor. The physician informed Faulk that he was suffering from sciatic pains which required immediate outside medical attention but failed to state that he suspected a herniated disc. The claimant thereafter placed himself under the care of his own physician; this eventually led to Faulk's hospitalization and

subsequent corrective surgery on December 1, 1962 for a herniated disc.

The Company and the Insurer urge that the evidence fails to indicate the existence of an "accident" within the meaning of C.R.S. '53, 81-1-1 *et seq.* They further urge that there is no evidence of a causal connection between the injury and the job that was being performed. The trial court held to the contrary, however, and we agree with it for reasons hereinafter stated that this was an accidental injury that arose out of and in the course of claimant's employment.

The Workmen's Compensation Act should be given a liberal construction because its purpose is highly remedial and beneficent. *Industrial Commission v. Corwin Hosp.,* 126 Colo. 358, 361, 250 P.2d 135 (1952).

It was well established in our law that an "accident," under the Act prior to the 1963 revision, was interpreted to mean any unintended or unexpected loss or hurt apart from its cause. The term "accidental injury" was not then confined to a situation where the means or cause was an accident for it also included any injury which was itself an accident. *Carroll v. Industrial Commission,* 69 Colo. 473, 475, 195 Pac. 1097 (1921). Thus, there was no need here on the part of the claimant to show that anything extraordinary occurred in or about the work itself, such as a sudden blow, slipping or falling, but only that the harm was unexpected — as it well might be from heavy lifting on the job. *Corwin, supra.*

The injury, though, had to be traceable to a definite cause, time and place. *Colorado Fuel and Iron Corp. v. Industrial Commission,* 154 Colo. 240, 392 P.2d 174, 179 (1964). This was done in the instant case by the testimony as to the causal connection between the type of work, the date the pain began, and the place of employment. Here the evidence indicates that prior to the onset of the pain, the claimant had had no history of back trouble. Then shortly after halting his strenuous

manual labor on October 31st, he experienced leg pains which the doctors for both the claimant and the Company indicated were consistent with a herniated disc in the lower region of the spine.

In *Wesco Electric Co. v. Shook*, 143 Colo. 382, 385, 386, 353 P.2d 743 (1960), a claimant was allowed to recover for a back injury incurred while working in a squatting position, notwithstanding a prior history of spinal difficulties. There the court, quoting from *Industrial Commission v. Royal Indemnity Co.*, 124 Colo. 210, 236 P.2d 293 (1951), said:

" '* * * If the evidence, *and the logical inferences therefrom,* can be said to warrant a conclusion that the accident, *within a reasonable probability,* resulted in the disability, the claimant is entitled to compensation, * * *.' " (Emphasis supplied.)

And, in *Wesco* the court went on to quote with approval from *In Re McNicol*, 215 Mass. 497, 102 N.E. 697 (1913), as follows:

" 'An accident "arises out of" the employment when there is apparent to the rational mind, *upon consideration of all the circumstances,* a causal connection between the conditions under which the work is required to be performed and the resulting injury.' " (Emphasis supplied.)

Applying the above principles to the evidence in this case, we hold that where a man without a past history of back ailments suddenly suffers severe and continuing leg pains consistent with a herniated disc, immediately after performing arduous manual labor on the job, that such constituted an "accidental injury" within the meaning of the Act. And, the fact that there was no direct medical evidence linking the injury to the work done is not controlling where the causal connection can be found through the use of other competent evidence. *Industrial Commission v. Newton Co.*, 135 Colo. 594, 602, 314 P.2d 297 (1957).

It is further urged by the Company and In-

446

surer that the testimony of the claimant and his doctor was impeached by inconsistencies and evidence presented by other witnesses. The law is clear that the Commission, as the factfinder, is the sole judge of the credibility of the witnesses. *Newton, supra.* Its findings of fact based on conflicting evidence is conclusive on review. *Vanadium Corp v. Sargent,* 134 Colo. 555, 563, 307 P.2d 454 (1957).

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE FRANTZ concur.