485 P.2d 513 (1971)
George D. KIRKHAM, Plaintiff in Error,
v.
HICKERSON BROS. TRUCK CO., a Kansas Corporation, and Imperial Casualty and Indemnity Company, a Nebraska Corporation, Defendants in Error.
No. 70-386, (Supreme Court No. 23489.)
Colorado Court of Appeals, Div. II.
March 23, 1971.
Rehearing Denied April 13, 1971.
Certiorari Denied June 14, 1971.
*514 Myrick, Criswell & Branney, John A. Criswell, William E. Myrick, Englewood, for plaintiff in error.
Burnett, Watson & Horan, Myron H. Burnett, Denver, for defendant in error Hickerson Bros. Truck Co.
Neef, Swanson & Myer, Edward C. Eppich, Denver, for defendant in error Imperial Casualty and Indemnity Co.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Plaintiff in error, Kirkham, was injured in an automobile accident while driving a truck in the course of his employment. The accident was allegedly caused by employees of defendant in error, Hickerson Bros. Truck Co., hereinafter referred to as Hickerson. The other defendant in error, Imperial Casualty and Indemnity Company, hereinafter Imperial, was the compensation insurance carrier of Kirkham's employer.
The facts leading to this appeal are these: Kirkham filed a claim for Workmen's Compensation and received an award before the Industrial Commission. This award of approximately $6,000 was paid by Imperial. Kirkham then brought suit against Hickerson alleging that the negligence of Hickerson's drivers had caused his accident. Imperial joined the action as a "partial subrogee." A first trial ended in a jury verdict for Hickerson. Kirkham appealed on the grounds that some of his evidence had been improperly excluded. He obtained a reversal in the Supreme Court. Kirkham v. Hickerson Bros. Truck Co., 162 Colo. 125, 425 P.2d 34.
Before a new trial could take place Hickerson offered to confess judgment by paying $3,300. Of this sum Kirkham was *515 to get $640 for his property damage and the remainder was to go to Imperial in satisfaction of its subrogation rights. Neither plaintiff would be made whole by this offer. Imperial was subrogated to the $6,000 of compensation it had paid Kirkham. Kirkham claimed damages in excess of $155,000 for personal injuries. The $640 was the full amount of his property damage claim. Imperial wished to accept the offer while Kirkham did not.
The trial court was asked to adjudicate the rights of the parties. It determined that Imperial had the sole right to control the litigation and that Imperial's acceptance of the defendant's offer was in good faith. It, therefore entered judgment for Kirkham for the $640 and for Imperial for $2700. From this judgment Kirkham appeals.
Kirkham argues that the applicable statute and case law give him the right to control his interest in the litigation. Imperial and Hickerson maintain that the award of compensation operated as an assignment of Kirkham's entire cause of action to Imperial who alone has the right to control the action.
We agree with Kirkham and reverse the judgment of the trial court.
Determination of this issue requires interpretation of Section 8 of the Workmen's Compensation Act (C.R.S.1963, 81-13-8) which provides in applicable part:
(1) "If any employee entitled to compensation under this chapter be injured * * * by the negligence or wrong of another not in the same employ, such injured employee * * * before filing any claim under this article, shall elect in writing whether to take compensation under this chapter or to pursue his remedy against such other. Such elections shall be evidenced in such manner as the commission may by rule or regulation prescribe. If such injured employee * * * elect to take compensation under this chapter, the awarding of compensation shall operate as and be an assignment of the cause of action against such other to the industrial commission * * [or to the] insurance carrier liable for the payment of such compensation. Said insurance carrier shall not be entitled to recover any sum in excess of the amount of compensation for which said carrier is liable under this chapter to the injured employee, but to that extent said carrier shall be subrogated to the rights of the injured employee against said third party causing the injury. If the injured employee elects to proceed against such other, the * * * insurance carrier * * * shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided by this chapter in such case. The right of subrogation provided by this section shall apply to and include all compensation and all medical, hospital, dental, funeral, and other benefits and expenses to which the employee * * * [is] entitled under the provisions of this chapter or for which his employer or insurance carrier is liable or has assumed liability.
[2] Such a cause of action assigned to the commission may be prosecuted or compromised by it. A compromise of any such cause of action by the employee or his dependents at an amount less than the compensation provided for by this chapter shall be made only with the written approval of the * * * insurance carrier, liable to pay the same. * *"
In construing this, or any, statute we must give effect, if possible, to every word, phrase and clause. City & County of Denver v. Taylor, 88 Colo. 89, 292 P. 594. The principal problem here arises from the two sentences in the above statute which provide on one hand that, "the awarding of compensation shall operate as and be an assignment of the cause of action," against a third party, to the commission or the insurance carrier liable for the payment, and on the other hand, that the carrier shall be subrogated to the rights of the injured employee against said third party to the extent of the compensation awarded and, further, *516 that the carrier, "shall not be entitled to recover any sum in excess of the amount of compensation for which said carrier is liable."
Assignment and subrogation are not one and the same. In 6 C.J.S. Assignments § 2b(12) it is stated:
"Assignment is distinguished from subrogation in that subrogation is an act of the law predicated on payment of the debt or claim, and operates only to secure contribution and indemnity, whereas assignment is an act of the parties depending generally on intention, and contemplates a continuation of and transfers the whole claim or debt."
The above quoted section of the statute (and its purpose) has been construed by the Colorado Supreme Court in many decisions. One of the first of these was Froid v. Knowles, 95 Colo. 223, 36 P.2d 156, wherein the court said,
"The law does not attempt in any way to abridge the remedies which an employee of one person may have at law against a third person for a tort which such third person commits against him." (Emphasis added)
In Riss & Co. v. Anderson, 108 Colo. 78, 114 P.2d 278, the above statement was amplified as follows,
"[The] statute * * * is not designed to relieve a third party from the consequences of injuries to another negligently inflicted, but merely affords a means of adjusting rights as between the injured employee and his employer * *. The purpose of the statute is merely to prescribe how a fund resulting from the payment of damages by one who negligently causes them shall be divided between [the employee] and his employer * * *."
The question as to who is the proper party to bring an action against the third party after an award by the industrial commission has been before the Supreme Court several times. Although the exact problem in this case has not previously been adjudicated these previous decisions are helpful here. In Wilson v. Smith, 110 Colo. 68, 130 P.2d 1053, the court held that, in an action by the insurance carrier against the third party, the injured employee, "* * might be joined as a proper, although not a necessary, party * * *."
In Drake v. Hodges, 114 Colo. 10, 161 P.2d 338, which was an action for wrongful death brought by the employee's widow after obtaining an award under the Wyoming Workmen's Compensation Act, the court stated that it, "is settled beyond dispute" that an injured employee does not lose or waive his right of action against a third party by exercising his rights under a workmen's compensation act. The court went on to say that such acts "* * * do not concern rights of action by employees against third party tort-feasors, except as to the proper allocation of the amounts recovered under such actions equitably between the employee and the employer."
It would appear to be clear from the foregoing that the section of the statute in question does not deprive the employee of his cause of action but only limits his right to retain so much of the recovery as may exceed the compensation paid to him or for which his employer or the employer's insurance carrier is liable.
Since the statute by its terms limits the carrier's recovery to the amount of compensation for which it is liable, if the carrier sues alone the recoverable damages are limited to that compensation. Thus, if the employee by electing to accept compensation has lost all rights in the cause of action, then the third party tort-feasor would be relieved of liability beyond the amount of compensation paid. Our Supreme Court has made it clear that this is not the purpose of the statute.
In Chartier v. Winslow Crane Service Co., 142 Colo. 294, 350 P.2d 1044, it is stated:
"Where the provisions of the [Workmen's Compensation] act do not expressly *517 limit the employee with respect to other remedies we are not disposed to read or interpret such limitations into the Workmen's Compensation statutes."
The "assignment", being purely statutory is subject to the limitations imposed by the statute creating it. The statute expressly limits the rights of the carrier to those of a subrogee and indemnifies it only to the extent of the compensation for which it is liable as defined in the act. In order to protect the rights of the subrogee, the employee is prohibited by the statute from settling his claim against the third party for less than the compensation due without the consent of the carrier (or the Industrial Commission if the state compensation insurance fund is the carrier). No other limitations are imposed on the employee by the statute, and this being so, the courts cannot insert them. Chartier v. Winslow Crane Service Co., supra.
The compensation provided for by the statute does not include payment for property damage, for pain and suffering, nor for all loss of future wages and the like. The right to bring an action against a third party tort-feasor (who is not a co-employee) for these damages therefore remains in the employee. Pursuant to the statute, he must repay the carrier out of his recovery for the compensation paid by it, but all amounts in excess thereof belong to him.
The statute provides that before the employee files a claim under the act he shall elect in writing whether to pursue his remedy under the act or to pursue his remedy against the third party. The act further provides that such election, "shall be evidenced in such manner as the commission may by rule or regulation prescribe." The "Election To Accept Compensation" form provided by the Commission gives to the employee a choice as to whether or not the employee reserves the right to sue the third party either separately or jointly with the compensation insurance carrier. In the instant case Kirkham reserved this right.
Pursuant to this election Kirkham filed this action and, by amended complaint, Imperial joined as a party plaintiff. The action was jointly prosecuted until the defendant offered to confess judgment and the plaintiffs disagreed as to the advisability of accepting the offer, each plaintiff claiming the right to "control" the action.
As stated above the only limitations on Kirkham's right of action are those imposed by the act itself. By forcing him to accept an unsatisfactory settlement, Kirkham was subjected to an unwarranted limitation on his right to prosecute his action against the alleged tort-feasor. This action of the trial court defeated the primary purpose of this section of the act.
"The central objective is to provide the mechanics that will achieve the result described * * * the third party paying what he would normally pay if no compensation question were involved; the employer and carrier `coming out even' by being reimbursed for their compensation expenditure; and the employee getting any excess of the damage recovery over compensation.
* * * * * *
"In many situations, it is important for the statute to contain not merely an opportunity but an incentive to sue the third party, and particularly to strive for the fullest possible damage recovery. This particularly applies to the carrier, which has at stake only the amount of its compensation outlay." 2 A. Larson, Workmen's Compensation Law § 74.16
The insurance carrier's rights in the action are limited to its share of the recovery as set forth in the act. If it desires to settle as to its rights it may do so with or without the consent of the employee. However it may not compel the employee to *518 abandon or compromise his cause of action.
The order and judgment of the trial court is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.
COYTE and ENOCH, JJ., concur.