**STATE COMPENSATION INSURANCE FUND, Plaintiff-Appellant,**

v.

**COMMERCIAL UNION INSURANCE COMPANY, representing Commercial Union Assurance Companies, and Leo L. Peterson, Defendants-Appellees.**

No. 80CA0976.

Colorado Court of Appeals, Div. II.

April 16, 1981.

As Modified on Denial of Rehearing May 21, 1981.

Edward V. Frayle, William J. Baum, Denver, for plaintiff-appellant.

Zarlengo, Mott & Zarlengo, Albert E. Zarlengo, Jr., Denver, for defendants-appellees Commercial Union Ins. Co.

Wolfe, Griffith & Beach, Michael L. Griffith, Fort Collins, for defendant-appellee, Leo L. Peterson.

PIERCE, Judge.

Plaintiff, State Compensation Insurance Fund, (Fund) appeals the entry of summary judgment in favor of defendant Leo L. Peterson, and the entry of judgment in favor of defendant Commercial Union Insurance Co. (Commercial Union). We affirm.

On December 23, 1977, Peterson sustained an injury during the course of his employment when an uninsured motorist negligently caused a collision between his and Peterson's vehicles. Peterson's employer was insured by the Fund for workmen's compensation claims, and by Commercial Union for uninsured motorist coverage.

Peterson executed an election of remedies pursuant to § 8–52–108, C.R.S.1973, and the Fund paid him $5,316.07 in workmen's compensation benefits. Peterson subsequently claimed under his uninsured motorist policy and received $14,500 in settlement of this claim.

The Fund then sought reimbursement from Peterson and Commercial Union for the $5,316.07 that it had paid to Peterson.

The trial court entered judgment in favor of both defendants, and this appeal followed.

I.

The Fund contends that the statutory assignment of Peterson's claim against the third party causing his injury operates to subrogate the Fund to Peterson's right to recover uninsured motorist benefits from Commercial Union.

The issue presented by the Fund's claim against Commercial Union has been resolved adversely to the Fund in *State Compensation Insurance Fund v. Gulf Insurance Co.*, Colo.App., 628 P.2d 182 (1981); *see* § 8–52–108, C.R.S.1973. We therefore affirm the trial court's judgment in favor of Commercial Union.

II.

The Fund next asserts that § 8–52–108, C.R.S.1973, allows it to recover from Peterson the sum that it paid to him in workmen's compensation benefits. We disagree.

An injured employee who recovers damages from a *third-party tortfeasor* must reimburse his employer's workmen's compensation insurance carrier for benefits paid to him, but any damages recovered in excess of the compensation paid by the carrier belong to the employee. *Kirkham v. Hickerson Bros. Truck Co.*, 29 Colo.App. 303, 485 P.2d 513 (1971); § 8–52–108, C.R.S. 1973. However, an uninsured motorist carrier is not a third party tortfeasor within the purview of § 8–52–108, C.R.S.1973. *State Compensation Insurance Fund v. Gulf Insurance Co., supra.*

The amount recovered by Peterson from Commercial Union was based on its contractual obligation to him, and the Fund did not become a third party beneficiary of this insurance contract by operation of its subrogation rights under § 8–52–108, C.R.S. 1973. *See Commissioner of the State Insurance Fund v. Miller*, 4 App.Div.2d 481, 166 N.Y.S.2d 777 (1957). Hence, Peterson was not obligated to repay the compensation benefits he received from the Fund. *See Fund v. Miller, supra; State Compensation Insurance Fund v. Gulf Insurance Co., supra.*

Judgment affirmed.

STERNBERG and TURSI, JJ., concur.