**CONTINENTAL CASUALTY COMPANY,**
**Plaintiff-Appellee,**

v.

**GATE CITY STEEL, a Delaware corporation, Defendant-Appellant.**

**No. 81CA1291.**

Colorado Court of Appeals, Div. I.

July 29, 1982.

Knapp & Lee, P.C., Robert A. Weinberger, Denver, for plaintiff-appellee.

Zarlengo, Mott & Zarlengo, Karen R. Wells, Denver, for defendant-appellant.

ENOCH, Chief Judge.

This is an action by Continental Casualty Company worker's compensation insurance carrier (insurer) against Gate City Steel (third-party tortfeasor) for reimbursement of worker's compensation benefits which were paid to Edward Gonzales (employee). Employee was injured during the course of his employment as a result of the alleged negligence of the third-party tortfeasor. Third-party tortfeasor appeals the granting of a summary judgment in favor of the worker's compensation insurance carrier. We affirm.

The employee, who worked for a trucking company, was unloading a truck operated by an employee of Gate City Steel, when the truck backed over his leg, injuring him. Employee received approximately $10,000 in worker's compensation benefits from his employer's worker's compensation insurer, and filed suit against the third-party tort-feasor alleging negligence. This suit between employee and third-party tortfeasor was resolved when the parties executed a settlement agreement in which third-party tortfeasor agreed to pay employee $80,000, and which further provided that:

"3. The parties desire to settle all differences between themselves but wish to do so without affecting the rights of the Continental Casualty Company to assert its subrogation rights against the defendant for this settlement is made independent of and separate from the subrogation interests of the Continental Casualty Company with respect to the temporary total and permanent partial disability benefits and medical benefits paid to Edward Gonzales in connection with the injury he sustained as a result of his employment with Fruehauf on March 3, 1978.

"4. The parties agree that the defendant through its insuror, Travelers Insurance Company, will indemnify Edward Gonzales, from any and all claims which may be brought against him by Continental Casualty Company with respect to their subrogation rights.

. . . .

"8. The parties agree that the acceptance of the above-mentioned sum is in full accord and satisfaction of a disputed claim between the parties herein and that payment of said sum is not to be construed in any way as an admission of liability on the part of defendant or its insuror, but on the contrary, the defendant specifically denied any liability on account of the incidents and events referred to in the pleadings on file in the above-entitled action."

Following an unsuccessful attempt to intervene in the employee's suit prior to the settlement, insurer filed a separate action against third-party tortfeasor after the settlement, seeking reimbursement of worker's compensation benefits. Insurer moved for summary judgment in this separate action, alleging there was no genuine issue of material fact. The trial court granted summary judgment, and the third-party tortfeasor brings this appeal.

**1338**

■ Third-party tortfeasor argues that summary judgment was improper because a necessary element of insurer's cause of action, the third party's negligence, was never established by a trier of fact. Insurer's response is that proof of the third party's negligence is unnecessary in this case, in order for it to be entitled to reimbursement for worker's compensation benefits paid. We agree with the insurer's position because of the settlement agreement between employee and third-party tortfeasor, and thus affirm the granting of summary judgment.

Section 8–52–108(1), C.R.S. 1973, provides that:

"[if] such injured employee . . . elect[s] to take compensation . . . the payment of compensation shall operate as and be an assignment of the cause of action against such other person [third-party tortfeasor] to the . . . insurance carrier liable for payment of such compensation. Said insurance carrier shall not be entitled to recover any sum in excess of the amount of compensation for which said carrier is liable . . . but to that extent said carrier shall be subrogated to the rights of the injured employee against said third party causing the injury."

Section 8–52–108(2), C.R.S. 1973, further provides that "a compromise of any such cause of action by the employee . . . at an amount less than the compensation provided for . . . shall be made only with the written approval of the . . . insurance carrier liable to pay the same."

The purpose of this provision is to adjust rights between the insurer and the employee by requiring that the insurer be reimbursed out of the employee's recovery against the third-party tortfeasor for worker's compensation benefits paid by the insurer, leaving the employee with the excess. *Wilson v. Smith,* 110 Colo. 68, 130 P.2d 1053 (1942); *Riss & Company, Inc. v. Anderson,* 108 Colo. 78, 114 P.2d 278 (1941). Although the insurer is generally required to prove the liability of the third party when it seeks reimbursement, when an employee obtains a recovery from a third party, the insurer's right to reimbursement under the statute need not be based on a finding of legal liability on the part of the third-party tortfeasor. Instead, such right to reimbursement may be based on the fact of the employee's monetary recovery from the third-party tortfeasor.

This view finds support in *Kirkham v. Hickerson Brothers Trucking Co.,* 29 Colo. App. 303, 310, 485 P.2d 513, 516 (1971), where we stated that: "[T]he statute in question . . . limits his [employee's] right to retain so much of the recovery as may exceed compensation paid to him or for which his employer or the employer's insurance carrier is liable." Accordingly, we hold that where an employee receives worker's compensation benefits and then recovers from a third-party tortfeasor pursuant to a settlement agreement which resolves *all* claims between the two parties, the insurer is entitled to its reimbursement from the employee without proof of the third party's negligence.

■ Although the employee is obligated to reimburse the insurer, the question remains whether the third-party tortfeasor may be held responsible without proof of negligence as well. We hold that where the third-party tortfeasor pays the employee pursuant to a general settlement of all claims between them, with notice of the insurer's subrogation rights to part of the proceeds of the settlement, and agrees to indemnify the employee for any amounts he is required to pay the insurer in satisfaction of the insurer's reimbursement and subrogation rights, the third-party tortfeasor, rather than the employee, may be held directly liable for reimbursement to the insurer without proof of negligence. *Cf. Home Indemnity Co. v. Thompson,* 407 S.W.2d 530 (Tex. Civ. App. 1966); *Transamerican Freight Lines, Inc. v. Quimby,* 381 Mich. 149, 160 N.W.2d 865 (1968).

The judgment is affirmed.

SMITH and KIRSHBAUM, JJ., concur.