Roy N. KENNEDY, Petitioner,

v.

The INDUSTRIAL COMMISSION OF the STATE OF COLORADO; Director, Division of Labor and Employment; Curtis, Inc.; and Great West Casualty Company, Respondents.

No. 85CA1383.

Colorado Court of Appeals, Div. III.

Nov. 26, 1986.

Rehearing Denied Dec. 24, 1986.

Certiorari Denied (Curtis) April 13, 1987.

Gavend & Bryans, Richard B. Gavend, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for respondents Industrial Commission and Director, Division of Labor and Employment.

Anderson, Campbell and Laugesen, P.C., Michael W. Sutherland, Denver, for respondents Curtis, Inc. and Great West Casualty Company.

BABCOCK, Judge.

Claimant, Roy N. Kennedy, seeks review of a final order of the Industrial Commission allowing a subrogation credit against future benefits in favor of the workmen's compensation carrier, Great West Casualty Company (Great West), resulting from claimant's settlement of an action against a third-party tortfeasor. We affirm in part, and set aside in part.

In September 1980, claimant was injured in an automobile accident with a third party in the course of his employment with Curtis, Inc. Claimant elected workmen's compensation benefits as his remedy, and received benefits in the amount of $3,942.89 for medical treatment and lost wages from Great West, the employer's compensation carrier.

Claimant also filed suit against the third party, and the case was settled for $15,000. Pursuant to § 8–52–108(1), C.R.S. (1986 Repl.Vol. 3B), Great West was entitled to a subrogation interest in the settlement funds to the extent of benefits paid. Accordingly, of the settlement amount, Great

West received its $3,942.89 previously paid. The balance of $11,057.11 was paid to claimant, from which he paid his attorney fees and costs.

Great West was not a party to the action, but was given notice of the action and its subsequent settlement. The release that claimant gave the third party stated that the settlement proceeds "are being paid for his pain and suffering, since Mr. Kennedy's medical bills and lost wages have been paid by Great West Casualty Company, and Great West Casualty Company has been reimbursed by American Family Insurance Group." Great West was not aware of this language, and never abandoned its subrogation rights.

Claimant was allowed to reopen his claim for compensation benefits, but the hearing officer granted Great West an offset credit of $11,057.11 against future compensation benefits, reduced by the amount of the attorney fees and costs incurred in procuring the settlement. The Commission affirmed the offset allowance, but reversed the deduction of attorney fees and costs.

## I.

Claimant contends Great West is not entitled to offset its subrogation interest against future benefits because the settlement was for damages for pain and suffering, which are not covered by the Workmen's Compensation Act (the Act). We disagree.

Section 8–52–108(1), C.R.S. (1986 Repl. Vol. 3B) provides that if an employee injured by the negligence of a third person elects to receive compensation benefits under the Act, the payment of compensation operates as an assignment of the cause of action against the third-party tortfeasor to the insurance carrier liable for the payment of such compensation. The insurance carrier becomes subrogated to the rights of the injured employee against the third-party tortfeasor to the extent of benefits paid. Nothing in § 8–52–108(1) precludes the injured employee from electing to take compensation and also proceeding against the third party to recover damages in excess of the subrogation rights. *See Mack v. Froh-*

*lick Crane Service, Inc.,* 31 Colo.App. 457, 505 P.2d 36 (1972), *aff'd,* 182 Colo. 34, 510 P.2d 891 (1973).

■ The Act does not provide for compensation for pain and suffering. *Kirkham v. Hickerson Brothers Truck Co.,* 29 Colo.App. 303, 485 P.2d 513 (1971). Hence, claimant argues that by labeling the settlement funds he received as being solely for pain and suffering, Great West is precluded from exercising its subrogation interest in those funds. We disagree.

Under § 8–52–108(1), claimant assigned his claim against the third party to Great West when he accepted compensation benefits. After he brought the third-party action, Great West's only obligation was to "contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected and the compensation provided by said articles in such case." *See* § 8–52–108(1), C.R.S. (1986 Repl.Vol. 3B).

The statute contains no provision allowing the claimant unilaterally to characterize the settlement as being only for pain and suffering, thereby defeating the carrier's subrogation rights. Regardless of the label applied to the recovery, the carrier is entitled to exercise its subrogation rights against the amount of recovery actually collected.

To hold otherwise would defeat the statute's purpose, which is to adjust rights between the insurer and the employee by requiring the insurer to be reimbursed out of the employee's recovery against the third-party tortfeasor for benefits it has paid, leaving the employee with any excess. *See Continental Casualty Co. v. Gate City Steel,* 650 P.2d 1336 (Colo.App.1982). We conclude that the Commission correctly determined that Great West has a subrogation interest in the recovery to the extent of benefits paid to claimant.

## II.

■ Claimant next contends that if Great West is allowed a subrogation credit against future benefits, it should be reduced by the amount of attorney fees and costs incurred in settling the third-party action. We agree.

The hearing officer initially permitted reduction of the offset by the amount of attorney fees and costs that claimant expended in securing the settlement. However, the Commission, on its own motion, reversed the hearing officer's decision, based on our holding in *Peterkin v. Industrial Commission,* 698 P.2d 1353 (Colo. App.1985) (cert. granted, April 22, 1985). Because that case is distinguishable from the situation here, we conclude that the Commission erred as a matter of law in reversing the initial order.

Section 8–52–108(2), C.R.S. (1986 Repl. Vol. 3B) provides that: "A compromise of any such cause of action by the employee ... at an amount *less than* the compensation provided for ... shall be made only with the written approval of the ... insurance carrier liable to pay the same." (emphasis added) The Commission found, and Great West argues, that because Great West did not give written approval of the settlement, claimant is not entitled to deduct attorney fees and costs from the amount of the offset. *See Peterkin v. Industrial Commission, supra.*

However, § 8–52–108(2) by its own terms applies only if there is a deficiency between the settlement and the amount of compensation for which the insurer is liable. Here, there was no such deficiency. Claimant's settlement was $11,057.11 greater than the benefits paid by Great West. Section 8–52–108(2) is thus inapplicable, and claimant needed no written approval from Great West to settle his third-party claim. Therefore, the rationale of *Peterkin v. Industrial Commission, supra,* is inapplicable to this case.

Section 8–52–108(1), C.R.S. (1986 Repl. Vol. 3B) states that:

"If the injured employee elects to proceed against such other person, the ... insurance carrier ... shall contribute only the deficiency, if any, between the amount of the recovery against such other person *actually collected* and the compensation provided by said articles in such case." (emphasis added)

*See Drake v. Insurance Company of North America,* 736 P.2d 1244 (Colo.App. 1986).

Here, claimant was obligated to pay attorney fees and costs out of the proceeds of the third-party settlement. Great West argues that deduction of attorney fees from the offset would amount to a double recovery; however, requiring claimant both to pay Great West's costs in recovering its subrogation interest and to offset those costs against his workmen's compensation benefits would amount to a double loss. To charge claimant twice with reasonably incurred expenses which inure to the carrier's benefit is inconsistent with the basic purpose of the Act, which is to benefit injured workers. *See Peterkin v. Industrial Commission, supra.* (Tursi, J., dissenting).

Moreover, it would provide a windfall to the carrier, who received full reimbursement of its subrogation interest with notice of the settlement and without any expenditure of its own. *See Drake v. Insurance Company of North America, supra.* To allow Great West to retain this benefit as an offset against contingent compensation payments would amount to unjust enrichment. *See Cablevision of Breckenridge, Inc. v. Tannhauser Condominium Ass'n,* 649 P.2d 1093 (Colo.1982).

Although the hearing officer did not expressly find that Great West had received reimbursement of $3,942.89 for the benefits it had paid, such a finding was implicit in the order allowing an offset in the remainder of the settlement. Because allowing Great West to retain the benefit of claimant's attorney's efforts in procuring the settlement by offsetting the entire amount of the settlement would result in unjust enrichment, the Commission erred in reversing the hearing officer's decision to subtract reasonable attorney fees and costs from the amount of the offset. Where the Commission has misapplied the law, this court is not bound by its decision. *Industrial Commission v. Rowe,* 162 Colo. 248, 425 P.2d 274 (1967).

Great West is entitled to apply a subrogation credit of $11,057.11 towards any future benefits, subject to reduction by claimant's attorney fees and other costs incurred in the third-party suit.

The order permitting Great West to offset claimant's settlement is affirmed; the order disallowing attorney fees and costs is set aside, and the cause is remanded to the Industrial Commission for determination of reasonable attorney fees and costs to be deducted from the total offset.

VAN CISE and METZGER, JJ., concur.