Betty **DRAKE**, Petitioner,

v.

**INSURANCE COMPANY OF NORTH AMERICA, Vangas Company, and the Industrial Commission of the State of Colorado, Respondents.**

No. 85CA1266.

Colorado Court of Appeals,
Div. III.

Nov. 26, 1986.

Rehearing Denied Jan. 15, 1987.

Certiorari Denied (Insurance Company) May 11, 1987.

Fischer, Howard & Francis, Stephen E. Howard, Fort Collins, for petitioner.

Glasman, Jaynes & Carpenter, Thomas O. McBride, Denver, for respondents Insurance Company of North America and Vangas Company.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondent Industrial Commission.

METZGER, Judge.

In this workmen's compensation case, claimant, Betty Drake, seeks review of a final order of the Industrial Commission allowing her employer's compensation insurance carrier, Insurance Company of North America (INA), to take a credit against the amount of compensation benefits paid for the gross amount of a settlement received by claimant from a third-party tortfeasor. Claimant contends she is entitled to offset attorney fees and costs awarded by the district court, thus limiting the subrogation recovery of INA to the net proceeds of the settlement amount. We agree, and therefore set aside the order of the Industrial Commission.

Claimant was injured in an automobile accident with a third party while acting within the course and scope of her employment. INA commenced payment of benefits which claimant elected as her remedy.

Claimant notified INA that she had commenced a personal injury action against the third-party tortfeasor, and INA joined as a plaintiff in that action. The personal injury claim was settled for the third-party's insurance policy limits of $25,000. At that time, INA had paid compensation benefits totalling more than $21,000. As part of the settlement, the district court ordered $6,585.65 deducted from the gross amount of $25,000 for payment of attorney fees and costs, and awarded INA the balance of the net proceeds under its subrogation claim. INA did not appeal the district court's ruling.

When INA filed its final admission of liability, including permanent disability benefits, it claimed a "credit balance of $6,395.47 subrogation recovery against fi-

nal payment." Claimant contested allowance of a credit and the issue was briefed to the hearing officer. The hearing officer allowed INA a credit of $6,395.47 against the additional compensation benefits. Claimant filed a petition for review, and the Industrial Commission affirmed the hearing officer's order.

In deciding the issue, the hearing officer relied upon *In Re Death of Peterkin v. Industrial Commission,* 698 P.2d 1353 (Colo.App.1985) (cert. granted April 22, 1985), as the sole support for his decision. The hearing officer found that the issue in *Peterkin* was identical to the issue in this case; however, we view *Peterkin* as being distinguishable on its facts.

In *Peterkin,* the claimant sought and received workmen's compensation benefits. She also commenced a wrongful death action in the United States District Court, but did not join the employer's compensation carrier as a plaintiff. The claimant settled the wrongful death action, and the court entered orders distributing the settlement funds. We held that, if a claimant reaches settlement of a third-party action without obtaining written consent of the compensation insurer, the offset to which the insurer becomes entitled by virtue of the settlement is not subject to any reduction for attorney fees and expenses which claimant incurred in obtaining the settlement.

In contrast, here, the compensation insurer was a party plaintiff in the district court action. Claimant and INA requested the district court to determine their respective claims to the settlement proceeds. The court concluded that "reasonable costs and expenses, including attorney fees, are to be deducted from the total recovery in the third-party action before reimbursement of the amounts paid by the workmen's compensation carrier...." The funds were then disbursed from the registry of the court pursuant to the court's order.

Because the district court determined this issue adversely to INA in an action to which it was a party, we conclude that INA should not be allowed now to claim a subrogation deficiency simply because it is paying additional compensation benefits. Section 8–52–108(1), C.R.S. (1986 Repl.Vol. 3B)

provides that a compensation insurance carrier is subrogated to the rights of an injured employee against a third party causing the injury, but only to the extent of the amount of recovery actually collected. Claimant actually collected the net amount of $18,414.35, and that balance was paid to INA. Presumably, the remaining $6,585.65 was used to pay attorney fees and costs incurred in collecting the $25,000 settlement. No windfall inures to claimant under these circumstances, and the carrier benefits from the creation of a fund which reduces its obligations. *See* 2A A. Larson, *Workmen's Compensation Law* § 74.-32(a)(3) (1983).

We conclude that the Industrial Commission erred in affirming the hearing officer's application of *Peterkin* to the facts of this case. Therefore, the order of the Industrial Commission is set aside and the cause is remanded to the Industrial Claim Appeals Office with directions to disallow the previously approved credit of $6,395.47.

VAN CISE and BABCOCK, JJ., concur.