Larry MARTINEZ, Plaintiff–Appellant,

and

State Compensation Insurance Authority,
Plaintiff–Intervenor–Appellee,

v.

ST. JOSEPH HOSPITAL AND NURSING
HOME OF DEL NORTE, INC.,
Defendant–Appellee.

No. 92CA0515.

Colorado Court of Appeals,
Div. II.

Dec. 30, 1993.

Rehearing Denied Feb. 17, 1994.

Certiorari Denied Aug. 8, 1994.

Melat, Pressman, Ezell & Higbie, Alan
Higbie, Colorado Springs, for plaintiff-appel-
lant.

Hall and Evans, L.L.C., Alan Epstein, Gregory M. Cornell, Denver, for plaintiff-intervenor-appellee.

No appearance of defendant-appellee.

Opinion by Judge NEY.

In this premises liability action, plaintiff, Larry Martinez, appeals the judgment of the trial court which reduced his award of damages in favor of intervenor, State Compensation Insurance Authority (SCIA). We reverse and remand with instructions.

Plaintiff was working as a volunteer fireman when he slipped and fell in the parking lot of defendant, St. Joseph Hospital and Nursing Home of Del Norte, Inc. As a result of his injuries, he was paid in excess of $100,000 in workers' compensation benefits.

He subsequently brought the underlying action, claiming that, because of defendant's negligence, he sustained noneconomic damages. SCIA intervened to secure its right of subrogation to plaintiff's economic damages.

At trial, the jury awarded $70,000 to plaintiff and $50,000 to SCIA. However, because the jury also determined that the comparative negligence of plaintiff was 49%, the awards were reduced by that percentage to $35,700 and $25,500 respectively.

Thereafter, in response to a post-trial motion, the trial court concluded that SCIA was "entitled to be reimbursed from the plaintiff for the reduction in its award as a result of plaintiff's comparative negligence." In consequence, the award to plaintiff was reduced, and the amount of the reduction was awarded to SCIA as reimbursement. This appeal followed.

## I.

Plaintiff contends that the trial court erred by its invasion of his recovery. We agree.

### A.

As a threshold matter, we reject the contention of plaintiff that this "cost claim" by SCIA was not properly before the trial court.

Plaintiff bases this contention upon the lack of inclusion in SCIA's disclosure certificate of its intention to seek reimbursement based upon a finding of comparative negligence. However, § 8–41–203(1), C.R.S. (1993 Cum.Supp.) provides statutory notice that an insurer is entitled to seek recovery of all funds it has paid as workers' compensation benefits. Furthermore, the right of an insurer to recover is not predicated upon its participation at trial. *See County Workers Compensation Pool v. Davis,* 817 P.2d 521 (Colo.1991).

### B.

At issue here is the interpretation of § 8–41–203(1), C.R.S. (1993 Cum.Supp.), which reads in pertinent part:

> [T]he payment of compensation shall operate as and be an assignment of the cause of action ... to the Colorado compensation insurance authority.... [To the extent of compensation for which it is liable] said carrier shall be subrogated to the rights of the injured employee against said third party causing the injury.... The right of subrogation provided by this section shall apply to and include all compensation ... to which the employee [is] entitled ... or for which employee's employer or insurance carrier is liable.... [The section does not limit the injured employee's right to] proceed against the third party causing the injury to recover any damages in excess of the subrogation rights described in this section.

SCIA maintains that the statute entitles it to reimbursement from any recovery by plaintiff, regardless of the basis of that recovery, for all monies expended on plaintiff's behalf. Consequently, SCIA contends that the trial court correctly ordered plaintiff to compensate it for the amount deducted from its award as attributable to plaintiff's negligence. Plaintiff asserts that the statute limits SCIA to the award it received at trial as subrogee. We agree with plaintiff.

To justify the trial court's reimbursement from plaintiff's recovery for noneconomic damages, SCIA relies upon cases that culminate in *Kennedy v. Industrial Commission,* 735 P.2d 891 (Colo.App.1986).

In *Kennedy,* the claimant and tortfeasor reached a settlement to which the insurer was not a party and which characterized settlement proceeds as entirely for pain and suffering. Therefore, because pain and suffering damages were not covered by the Workmen's Compensation Act, the claimant maintained that the insurer was not entitled to offset its subrogation interest therefrom.

This court affirmed the trial court's conclusion that the carrier's subrogation rights could not thus be defeated, that "the statute contains no provision allowing the claimant unilaterally to characterize the settlement as being only for pain and suffering," and that, regardless of the label applied to the recovery by the claimant without participation by the insurer, the characterization was of no effect. *Kennedy v. Industrial Commission, supra,* at 893.

■ Here, we distinguish *Kennedy* in that SCIA participated in the trial, and the characterization of the recovery was made not by plaintiff but rather by the jury.

Additionally, SCIA relies upon *Capitol Aggregates, Inc. v. Great American Insurance Co.,* 408 S.W.2d 922 (Tex.1966). There, the Supreme Court of Texas concluded that the insurer was entitled to recover the injured employee's separate settlement when the carrier, which had proceeded to trial against the third party, did not recover the full extent of compensation it had previously paid. However, in reaching its conclusion that the employee had no right to any portion of the recovery until the carrier was paid in full, the court relied upon the Texas statute which provided that: "[T]he association shall *reimburse* itself [and any] *excess* so recovered shall be paid to the injured [employee]...." Tex.Rev.Civ.Stat.Ann. art. 8307 § 6a (Vernon 1967) (emphasis added). *Capitol Aggregates* is, thus, distinguishable.

We further conclude that SCIA's reliance upon *United States v. Lorenzetti,* 467 U.S. 167, 104 S.Ct. 2284, 81 L.Ed.2d 134 (1984) is misplaced. *Lorenzetti* is also distinguishable in that the Court based its decision upon interpretation of the Federal Employee Compensation Act, which requires an injured federal worker to *"refund* to the United States the amount of compensation paid by the United States...." 5 U.S.C. § 8132 (1988) (emphasis added). The court noted that the federal compensation act "does not confine the United States to the rights of a subrogee...." *United States v. Lorenzetti, supra,* 467 U.S. at 174, 104 S.Ct. at 2289, 81 L.Ed.2d at 142.

The recovery in both *Capitol Aggregates* and *Lorenzetti* rested upon interpretation of statutes which specifically did not confine the position of the insurer to that of subrogee. Rather, recovery was directly reimbursed or refunded. In contrast, § 8–41–203(1) expressly limits the insurer's right to recovery to damages obtainable through subrogation.

Our Supreme Court has recognized that the ability of an insurer to recover in a third-party action is not without limits. In *Tate v. Industrial Claim Appeals Office,* 815 P.2d 15 (Colo.1991), the personal injury protection (PIP) benefits exclusion of the No–Fault Act was found to abrogate the insurer's subrogation rights to recover from the tortfeasor to the extent that workers' compensation benefits replace PIP benefits. Hence, the insurer could not credit the claimant's settlement against its claim for damages covered by PIP benefits.

■ The benefits provided under our workers' compensation system include medical expenses, vocational rehabilitation, and disability benefits that compensate for lost wages. *Tate v. Industrial Claim Appeals Office, supra.* Noneconomic damages, such as pain and suffering, are excluded. *Kennedy v. Industrial Commission, supra.*

■ At trial, SCIA pursued recovery of monies it had expended for economic damages. The jury was instructed that, if it found in favor of SCIA, it was to award as damages the amount of workers' compensation benefits reasonably and necessarily paid to plaintiff. Plaintiff pursued only a recovery of noneconomic damages, and the jury was instructed to limit its consideration and determination of plaintiff's damages to noneconomic losses or injuries, including pain and suffering, inconvenience, emotional stress, impairment of the quality of life, and physical impairment or disfigurement. The jury fol-

lowed these instructions by assigning separate monetary recoveries to plaintiff and to SCIA.

Consequently, here, in contrast to *Kennedy*, there was no unilateral characterization by plaintiff, without the knowledge of SCIA, that he sought recovery only for elements of pain and suffering. Rather, SCIA agreed to this dichotomy as evidenced by its conduct throughout the trial and its acceptance of the instructions to the jury.

Furthermore, SCIA has implicitly recognized that plaintiff's award for pain and suffering exceeds its rights as subrogee by not asserting a claim to plaintiff's entire award as compensation for the deficiency between its expenditures on plaintiff's behalf and its lesser recovery at trial. Instead, SCIA seeks only to uphold the trial court's reduction, in its favor, of plaintiff's recovery. We conclude that it may not do so.

SCIA seeks enlargement of its subrogation rights by recovering from damage elements it could not have directly pursued and by avoiding the negative connotations inherent in its position as a substitute for plaintiff. Nevertheless, when SCIA assumed the position of plaintiff as subrogee, it became subject to the limitations, restrictions, and defenses to which plaintiff was also. subject. And, because plaintiff is limited in his recovery by the statutory offset of comparative negligence, SCIA is likewise limited.

We find no authority for differentiating between such an offset and any other restriction to which a subrogee is subject. Rather, such an enlargement of rights would relieve the subrogee of a burden then borne doubly by plaintiff, thus creating in the subrogee a superior, rather than equal, status.

In consequence, we conclude that the trial court erred in its reduction of plaintiff's recovery in favor of SCIA.

## II.

Plaintiff contends in the alternative that the trial court erred in its denial of his motion for attorney fees. In light of our disposition, we do not address this contention.

The judgment is reversed, and the cause is remanded for disposition of the judgment amount consistent with the views expressed herein.

TURSI and TAUBMAN, JJ., concur.