Ann M. JORDAN, Petitioner,

v.

FONKEN & STEVENS, P.C.; Continental Western Insurance Co.; The Industrial Claim Appeals Office of the State of Colorado; and Director, Department of Labor and Employment, Division of Worker's Compensation, Respondents.

No. 94CA1824.

Colorado Court of Appeals,
Div. II.

May 18, 1995.

Rehearing Denied June 15, 1995.

Certiorari Denied April 1, 1996.

Fischer, Brown, Huddleson & Gunn, P.C., Stephen J. Jouard, Fort Collins, for petitioner.

Watson, Nathan & Bremer, P.C., Anne S. Myers, Andrew J. Fisher, Denver, for respondents Fonken & Stevens, P.C. and Continental Western Ins. Co.

No Appearance for respondents The Industrial Claim Appeals Office and Director, Dept. of Labor and Employment, Div. of Worker's Compensation.

Opinion by Judge CRISWELL.

In this workers' compensation case, Ann M. Jordan (claimant) petitions for review of a final order of the Industrial Claim Appeals Office (Panel) entitling respondents, Fonken & Stevens, P.C. (the employer) and Continental Western Insurance Co. (the insurer), to offset their liability for disability benefits by amounts claimant received in a settlement with a negligent third party. We affirm.

While working for the employer, claimant sustained an admitted industrial injury in an automobile accident with a third party. She received workers' compensation benefits from respondents and also pursued a liability claim against the third party. A settlement with the third party was achieved, and both claimant and the insurer were parties to the settlement agreement. Both signed releases for all economic and noneconomic damages suffered by claimant, but neither the settlement agreement nor those releases appor-

tioned the settlement proceeds between the two types of damages.

When the parties disagreed as to the insurer's right to offset future disability benefits by the amount of claimant's settlement proceeds, the parties requested the Administrative Law Judge (ALJ) to determine the issue. The ALJ held that respondents were entitled to offset benefits against the entire amount of claimant's net recovery from the third party, rather than an apportioned amount representing recovery for economic loss. The Panel affirmed.

On review, claimant contends that, since benefits under the Workers' Compensation Act are paid exclusively for economic loss, the insurer's right of subrogation extends only to the *pro rata* portion of the third-party settlement attributable to economic loss. She argues that at least some of the settlement proceeds were compensation for noneconomic damages, such as pain and suffering, for which the insurer has no right of subrogation. We perceive no error.

■ Pursuant to § 8–41–203(1), C.R.S. (1994 Cum.Supp.), a workers' compensation insurer is subrogated to the rights of the claimant against the third party causing the injury. The purpose of this statute is to adjust the rights between a claimant and an insurer by requiring reimbursement to the insurer out of the claimant's recovery against a third-party tortfeasor, thereby preventing a claimant's double recovery of both workers' compensation benefits and litigation proceeds. *Rocky Mountain General v. Simon,* 827 P.2d 629 (Colo.App.1992).

However, in *Martinez v. St. Joseph Hospital & Nursing Home of Del Norte, Inc.,* 878 P.2d 13 (Colo.App.1993), a division of this court held that there are at least some circumstances under which a compensation insurer will not be entitled to any credit for a claimant's recovery of noneconomic damages. There, both the claimant and the insurer participated in litigation against a third party; the claimant sought recovery of only noneconomic damages; the jury was instructed to limit its consideration and determination of the claimant's damages to noneconomic loss; and the jury assigned separate monetary recoveries to the claimant and to the insurer. It was concluded

that, under these circumstances, the insurer was not subrogated to the claimant's recovery for noneconomic loss.

In contrast, another division of this court has held that, even though the claimant's settlement documents reflected that his payment from a third party was for pain and suffering, his unilateral attempt to characterize the settlement as being only for such damage could not defeat the compensation insurer's right to offset the third-party settlement proceeds against its liability for additional workers' compensation benefits. *Kennedy v. Industrial Commission,* 735 P.2d 891 (Colo.App.1986). Unlike the situation in *Martinez,* the insurer in *Kennedy* did not participate in the trial to assert its own claim, and the characterization of the recovery was made not by a jury, but by the claimant.

■ Here, as in *Kennedy,* there has been no independent apportionment of the proceeds between economic and noneconomic losses, and there is no evidence that respondents acquiesced in any distinction asserted by claimant. Further, respondents' mere participation in the settlement of the third-party action and their execution of a release does not constitute a waiver of their statutory right to claim an offset against future workers' compensation benefits. *See Metcalfe v. Bruning Division of AMI,* 868 P.2d 1145 (Colo.App.1993).

Further, contrary to claimant's assertion, we can find no basis upon which either the Director of the Division of Labor or the Panel could assert jurisdiction to determine how the proceeds paid by a third-party tortfeasor should be apportioned between economic and noneconomic losses suffered by a claimant. This is an issue to be determined either by agreement of all interested parties or by the tribunal having jurisdiction over a claimant's tort claim.

Hence, we agree with the Panel's order affirming the ALJ's decision in favor of respondents.

The order of the Panel is affirmed.

BRIGGS and ROY, JJ., concur.