**Craig A. SNEATH, Petitioner,**

v.

**EXPRESS MESSENGER SERVICE; the Colorado Compensation Insurance Authority, and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 96CA0030.

Colorado Court of Appeals,
Div. II.

Dec. 12, 1996.

Richard J. Lesch, Denver, for Petitioner.

Colorado Compensation Insurance Authority, Brandee L. DeFalco, Denver, for Respondents Express Messenger Service and Colorado Compensation Insurance Authority.

No Appearance for Respondent the Industrial Claim Appeals Office of the State of Colorado.

Opinion by Judge CRISWELL.

Claimant, Greg A. Sneath, seeks review of an order of the Industrial Claim Appeals Office (Panel) that allowed Colorado Compensation Insurance Authority (CCIA) to offset against its liability for workers' compensation benefits due to claimant an amount that claimant had received from the settlement of his personal injury claim against a third party. We set aside the order and remand for further proceedings.

The underlying facts are virtually undisputed and disclose the following:

Claimant was employed as an "express driver" by an employer, who was insured for workers' compensation benefits by CCIA. He used his own vehicle to make deliveries for his employer, and he received a commission of 45% of the revenues received from customers to whom he made deliveries. However, his employer arbitrarily designated 50% of these commissions as an "expense reimbursement" for which it did not pay social security taxes and for which it did not withhold federal or state income taxes.

In February 1991, claimant was involved in a work-related automobile accident and sustained a compensable injury. He filed a claim for workers' compensation benefits and an initial series of hearings was held before an Administrative Law Judge (ALJ). As a result of these hearings, the amount of the "expense reimbursement" was subtracted by the Panel from claimant's gross commissions, resulting in a substantially reduced average weekly wage and lesser benefits.

This initial award was made in July 1993, and claimant appealed that award to this court. A division of this court, relying upon *Filippone v. Industrial Commission*, 41 Colo.App. 322, 590 P.2d 977 (1978) (for workers' compensation purposes, employee's expenses are not to be deducted from gross pay in determining wages), set aside the order and directed that benefits be based upon all of the commission payments made to claimant. *Sneath v. Express Messenger*, 881 P.2d 453 (Colo.App.1994). That opinion became final, and consequently, in November 1994, an increased award was entered.

While these workers' compensation proceedings were pending, claimant instituted a third-party action to recover damages for his personal injuries sustained in the automobile accident. In 1992, he inquired of CCIA whether he should include CCIA's statutory subrogation claim in his demand and was specifically informed, in writing, that he should not do so and that CCIA would prosecute that claim on its own behalf.

Thereafter, in November 1993, after the entry of the Panel's initial award, but while claimant's appeal to this court was pending, CCIA demanded that the third party's liability carrier reimburse it for the payments that CCIA had made to claimant. That carrier made such payment, but the record does not reflect that the carrier required CCIA to release any claim that might accrue to it as the result of any future payment of benefits.

On July 18, 1994—four days after *Sneath v. Express Messenger, supra,* was announced—CCIA inquired of claimant whether he had settled the claim he had asserted against the third party. Claimant responded that he had not. In addition, claimant explained that, in accordance with CCIA's previous direction to him, he would not seek to recover for any subrogated claim. CCIA failed to respond to claimant with respect to this subject.

Some two months after this exchange of correspondence, claimant settled his third-party claim, and shortly thereafter, the ALJ entered a new award, based upon a recomputation of benefits as required by *Sneath v. Express Messenger, supra.* However, the ALJ also held that CCIA was entitled to "set off" an identical amount from the proceeds of claimant's settlement.

Claimant sought review from the Panel, asserting that, given the circumstances described above, CCIA is estopped from seeking to set off any portion of the proceeds from his settlement with the third party against its liability for payment of workers' compensation benefits. Because the Panel concluded that claimant had not raised any issue of estoppel before the ALJ, it affirmed the ALJ's award without passing upon that issue. That order is the subject of this review.

## I.

Claimant first contends that the Panel erred in concluding that he had not raised the issue of equitable estoppel in the hearing before the ALJ and that he was, therefore, precluded from raising that issue on review. We agree.

Failure to raise an issue before the ALJ in a workers' compensation proceeding will preclude consideration of such issue by the Panel on review. *See Lewis v. Scientific Supply Co.,* 897 P.2d 905 (Colo.App.1995).

Here, claimant concedes that he did not use the term "estoppel" in his argument before the ALJ. However, claimant argues, and we agree, that the majority of his argument as to why CCIA was not entitled to a setoff against his third-party settlement proceeds was, indeed, based on the principle of estoppel.

Specifically, claimant's position statement filed prior to the hearing describes one of the central issues as being whether CCIA should be allowed a setoff against claimant's settlement when it had previously represented to claimant's counsel that it would pursue its subrogated interest directly. That position statement further states that, because of CCIA's representations, claimant did not attempt to collect any amounts representing CCIA's subrogated interest. In support of this argument, claimant presented evidence at the hearing that the third-party settlement did not take into consideration any subrogated interest of CCIA.

We conclude that, by making such arguments, claimant preserved for review the issue whether CCIA should be equitably estopped from satisfying any subrogation interest it had from claimant's third-party settlement proceeds. *See In re Marriage of Wright,* 841 P.2d 358 (Colo.App.1992) (although party did not explicitly use term *"res judicata,"* arguments raised were analogous and sufficient to preserve issue for review.)

## II.

Placing its primary reliance upon *Metcalfe v. Bruning Division of AMI,* 868 P.2d 1145 (Colo.App.1993), CCIA asserts that, even if we conclude that claimant timely raised the issue of estoppel, such doctrine could not, as a matter of law, be applied in this case. We disagree.

Section 8–41–203(1), C.R.S. (1996 Cum.Supp.) provides that "the payment of compensation" to a claimant "shall operate as and be an assignment of [any] cause of action" that the claimant might have against any third party who was responsible for his or her injuries. This "assignment" of the "cause of action," however, is only a partial one. It extends only to that part of the claim for *economic* damages that the carrier has paid; the carrier has no interest in any part of the claim for non-economic damages, nor in that portion of the claimant's economic damages that the carrier has not paid. *Martinez v. St. Joseph Hospital & Nursing Home of Del Norte, Inc.,* 878 P.2d 13 (Colo. App.1993).

Further, this partial assignment of the employee's claim actually results in the creation of two claims—one "owned" by the employee and one "owned" by the carrier. Each of the parties may prosecute his or its own individual claim; the statutory "assignment" does not result in the carrier being granted authority to control the prosecution of the employee's claim. *Kirkham v. Hickerson Bros. Truck Co.,* 29 Colo.App. 303, 485 P.2d 513 (1971).

The purpose of the assignment statute is to prevent a double recovery by a claimant. *Jordan v. Fonken & Stevens, P.C.,* 914 P.2d 394 (Colo.App.1995). Hence, a claimant is not authorized to enter into a unilateral settlement with the third party that classifies the settlement as one purely for non-economic damages; the carrier is not bound by such classification, absent its agreement. *Kennedy v. Industrial Commission,* 735 P.2d 891 (Colo.App.1986).

On the other hand, if the carrier and the claimant individually, but collectively, prosecute their claims against the third party, the carrier will be bound by the judgment entered therein, even if the award is for less than the amount of the compensation paid. *Martinez v. St. Joseph Hospital, supra.* Likewise, the carrier may waive, or may be

estopped from asserting, its subrogated claims. *See Johnson v. Industrial Commission,* 761 P.2d 1140 (Colo.1988).

Further, if the particular factual circumstances would warrant such a conclusion, then there is no legal reason that would prevent a carrier from waiving, or being estopped from asserting, subrogation rights in a third-party settlement, irrespective whether those rights have vested because of the carrier's prior payment of compensation or whether the accrual of such rights is contingent upon some future payment. *See, e.g., Wood v. Caudle–Hyatt, Inc.,* 18 Va.App. 391, 444 S.E.2d 3 (1994).

Nothing in *Metcalfe v. Bruning Division of AMI, supra,* supports a contrary conclusion. There, the claimant and the carrier separately, but collectively, pursued their third-party claims in the same litigation. Before there had been any final award in the workers' compensation proceedings, both parties settled their claims, the carrier receiving only that amount that it had already paid to claimant, and full releases were provided. Thereafter, a final award was entered, and the Panel authorized the carrier to offset against the additional compensation ordered to be paid the settlement proceeds received by claimant from the third party.

While recognizing that some courts have adopted a contrary conclusion, the *Metcalfe* court held that:

> [T]he simple acceptance, without more, of payment due for what one is by statute entitled to receive cannot act as a waiver of the right to future payments or offsets.

*Metcalfe v. Bruning Division of AMI, supra,* 868 P.2d at 1148 (emphasis supplied).

Under the *Metcalfe* analysis, therefore, CCIA's acceptance here of the payment from the third party's liability carrier, without more, would not result in its estoppel from asserting a subrogated right resulting from a future payment.

However, claimant has not argued that such payment constituted an estoppel. Rather, he has insisted that it was (1) CCIA's express directions to him that he was not to pursue CCIA's subrogated claim and (2) its implied re-confirmation of those directions after *Sneath v. Express Messenger, supra,* when CCIA knew the extent of its future liability, upon which he reasonably relied in negotiating a settlement with the third party, that resulted in the estoppel asserted. And, nothing in *Metcalfe* requires rejection of such an assertion.

■ To establish equitable estoppel in a particular circumstance, it must be demonstrated that (1) the party to be estopped was aware of the facts; (2) it was that party's intent that his or her words or conduct be acted upon by the other party or that those words or conduct were such that the other party had a right to believe that they were so intended; (3) the party asserting the estoppel was ignorant of the true facts; and (4) that party reasonably relied on such words or conduct to his or her detriment. *Department of Health v. Donahue,* 690 P.2d 243 (Colo.1984).

The evidence presented to the ALJ, therefore, was more than sufficient, if credited, to establish an equitable estoppel against CCIA. However, for reasons that are not clear from the record, the ALJ failed to address claimant's assertion that CCIA was prohibited from claiming any offset. Likewise, the Panel erroneously refused to address this issue on its review.

Given these circumstances, therefore, it is necessary to remand the cause with directions that the ALJ consider the question whether CCIA is equitably estopped from asserting any interest, by way of offset or otherwise, in the proceeds claimant obtained through settlement with the third party. If it is deemed appropriate, the ALJ may allow the parties to present further evidence upon the issue.

The order of the Panel is set aside, and the cause is remanded for further proceedings consistent with the views set forth in this opinion.

ROTHENBERG and KAPELKE, JJ., concur.