Caroline G. HARMS, Plaintiff–Appellee,

and

Colorado Compensation Insurance Authority, Intervenor–Appellee,

v.

Christina WILLIAMSON; Northeastern Colorado Transportation Authority; and Board of County Commissioners for the County of Logan, Colorado, Defendants–Appellants.

No. 97CA0951.

Colorado Court of Appeals,
Div. III.

March 19, 1998.

Rehearing Denied April 16, 1998.

The Frickey Law Firm, Howard Flicker, Lakewood, for Plaintiff–Appellee.

Hale Pratt Hackstaff Laitos Green & Tymkovich, P.C., Karen Leather, Denver, for Intervenor–Appellee.

Gulley & Melonakis, P.A., Anthony Melonakis, Littleton, for Defendants–Appellants.

Opinion by Judge BRIGGS.

Defendants, Christina Williamson, Northeastern Colorado Transportation Authority, and Board of County Commissioners of the County of Logan, appeal the trial court's denial of their motion under C.R.C.P. 12(b) to dismiss a portion of the complaint for damages brought against them by plaintiff, Caroline G. Harms. We affirm the trial court's order and remand the cause for further proceedings.

Plaintiff was injured in a collision between the vehicle she was driving and a bus driven by defendant Christina Williamson. Both drivers were acting in the course and scope of their employment.

Plaintiff filed for and received workers' compensation benefits from her employer's insurer, the Colorado Compensation Insurance Authority (CCIA). She also filed, pursuant to the Colorado Governmental Immunity Act, § 24–10–101, et seq., C.R.S. 1997(GIA), this personal injury action against the bus driver and her alleged employers, Northeastern Colorado Transportation Authority and Logan County.

In her complaint, plaintiff acknowledged that CCIA had "a statutory right of subrogation for the recovery of benefits paid from the defendants." However, no claim was asserted on behalf of the insurer, and it did not join in the lawsuit as a separate party.

and § 24–51–1105, C.R.S.1997.

Instead, plaintiff sought to recover all damages and expenses, including those CCIA had paid.

Defendants filed a motion under C.R.C.P. 12(b)(1) seeking dismissal of plaintiff's complaint to the extent she sought to recover any amounts for which CCIA was entitled to be reimbursed. Defendants asserted the trial court lacked subject matter jurisdiction over that part of plaintiff's cause of action because it had been assigned by statute to CCIA, and the insurer had not separately complied with the GIA's notice requirements.

Although not a party in the civil action, CCIA responded by filing a "Notice of Statutory Right of Subrogation Against Any Recovery by Plaintiff, Pursuant to C.R.S. § 8–41–203, C.R.S.1997." In that pleading, CCIA argued the statute created, not just a statutory right to an assignment of plaintiff's claim, but also a statutory right of subrogation. The insurer had not chosen "by assignment" to file its own action again defendants to recover benefits paid. It was instead only seeking "by subrogation" to recover benefits paid from any damages plaintiff recovered from defendants. Hence, CCIA argued, it was not required to file a separate notice of claim.

The trial court denied defendants' motion to dismiss. It reasoned that CCIA was not *obligated* to prosecute the statutory assignment, but could instead rely on its right of subrogation. Further, the statute was merely intended to prevent a double recovery— not to prevent a full recovery. The court therefore concluded plaintiff's notice of claim was sufficient to permit recovery of all of her damages, including those to which CCIA was subrogated.

Defendants appealed to this court pursuant to § 24–10–108, C.R.S.1997. By an earlier procedural order, not contested by defendants, CCIA was allowed to intervene in this appeal and file its own brief. Plaintiff has joined in that brief.

On appeal, defendants continue to assert that, because CCIA did not file a notice of claim, the trial court erred in denying their motion to dismiss plaintiff's claim for those damages "assigned" by statute to CCIA. We disagree.

Section 24–10–109(1), C.R.S.1997, of the GIA requires that:

> Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment ... shall file a written notice as provided in this section within one hundred eighty days after the date of the discovery of the injury....

It is undisputed that plaintiff timely filed a proper notice of claim. Thus, the question before us is whether CCIA, in order to protect its statutory right to reimbursement of benefits paid to plaintiff, was required to file its own separate notice of claim.

Section 8–41–203(1), C.R.S.1997, of the Workers' Compensation Act of Colorado, § 8–40–101, et seq., C.R.S.1997, provides in pertinent part as follows:

> If any employee ... [elects] to take compensation ... the payment of compensation shall operate as and be an assignment of the cause of action against such other person to the ... insurance carrier liable for the payment of such compensation. Said insurance carrier shall not be entitled to recover any sum in excess of the amount of compensation for which said carrier is liable ... to the injured employee, but to that extent said carrier shall be subrogated to the rights of the injured employee against said third party causing the injury.

This "third party" statute has been in existence since the first workers' compensation legislation was enacted. As in other states with similar statutes, much case law in Colorado has been devoted to sorting out the confusing relationships created by it. *See generally* S. Meiklejohn, *A Primer on Workers' Compensation Subrogation,* 21 Colo. Law.1931 (Sept.1992); 7 *Larson's on Workers' Compensation* §§ 75.40–75.44 (1997).

Defendants' argument that CCIA was required to file its own notice of claim relies in part on the literal language in § 8–41–203(1), which provides that payment of compensation benefits "shall operate as and be an assignment of the cause of action." It also relies on the observation in *Sneath v. Ex-*

*press Messenger Service,* 931 P.2d 565, 568 (Colo.App.1996), that the statutory "assignment" of the "cause of action" results in "the creation of two claims—one 'owned' by the employee and one 'owned' by the carrier." Finally, the argument relies on the holding in *Smith v. Winter,* 934 P.2d 885 (Colo.App. 1997), that a spouse seeking to recover damages for loss of consortium must file a separate notice of claim.

Initially, we note both parties focus their arguments solely on their respective interpretations of § 8–41–203(1). In doing so, defendants appear to assume, and CCIA to concede, that if defendants are correct in interpreting § 8–41–203(1) literally to create an assignment by payment of benefits, the notice of claim provided by the injured employee could not inure to the benefit of CCIA.

No explanation is provided for such an assumption. *See Tivoli Ventures, Inc. v. Bumann,* 870 P.2d 1244 (Colo.1994)(an assignee, like a subrogee, "stands in the shoes" of the party holding the cause of action). Nevertheless, because it could be based on unique but undisclosed circumstances, and because we are presented with the case in this posture, we will make the same assumption solely for purposes of this appeal. This leaves for our determination the proper construction of § 8–41–203(1).

Defendants' argument, that the statute should be read literally to create an outright assignment upon payment of compensation benefits, ignores that such an assignment would leave the injured employee with no rights remaining to which the insurer could become subrogated. *See Kirkham v. Hickerson Bros. Truck Co.,* 29 Colo.App. 303, 485 P.2d 513 (1971). To the contrary, the supreme court has construed the statute to permit an injured employee, as one alternative remedy, to sue for the entire amount of damages sustained, even though the employee has elected to receive, and been paid, workers' compensation benefits. If the employee recovers from the tortfeasor, the insurer as the statutory subrogee is entitled to reimbursement from the employee of the benefits paid. *See County Workers Compensation Pool v. Davis,* 817 P.2d 521 (Colo.

1991); *Tate v. Industrial Claim Appeals Office,* 815 P.2d 15 (Colo.1991) (impliedly overruling *Moore v. Fischer,* 31 Colo.App. 425, 505 P.2d 383 (1972), *aff'd on other grounds,* 183 Colo. 392, 517 P.2d 458 (1973)). Hence, the statute cannot be construed literally. *See People v. Bowman,* 812 P.2d 725 (Colo. App.1991)(when a literal interpretation creates an absurd result, the intention of the framers will prevail over this interpretation).

Other parts of the provision have not been construed literally. For example, while § 8–41–203(1) refers to "assignment of the cause of action," the statute also prohibits the insurer from recovering any sum in excess of the benefits paid. Thus, in order to achieve the statute's purpose, the statutory "assignment" has been properly construed as "a partial one." *See Sneath v. Express Messenger Service, supra,* 931 P.2d at 568.

Because a literal interpretation is equally inappropriate here, we must likewise provide a construction that achieves the statute's purpose. *See* § 2–4–203, C.R.S.1997; *Shapiro & Meinhold v. Zartman,* 823 P.2d 120 (Colo.1992). At the same time, we must provide a construction that is consistent with existing supreme court precedent, and we must attempt to construe the statute as a whole, giving consistent, harmonious, and sensible effect to all its parts. *See* § 2–4–201, C.R.S.1997; *People v. Young,* 814 P.2d 834 (Colo.1991).

In order to give effect to all its parts, consistent with existing supreme court precedent, we agree with the trial court that § 8–41–203(1) must be construed as creating several alternative, interrelated, remedies from which the employer and employee may choose. *See Tate v. Industrial Claim Appeals Office, supra,* 815 P.2d at 17 ("[T]he injured employee has several alternatives."); S. Meiklejohn, *supra,* at 1932 ("[T]he carrier has three separate options in pursuing recovery of the benefits paid under workers' compensation."); *see generally* 7 *Larson's, supra,* § 75.43 at 14–704 ("[I]t becomes necessary to find a theory on which the cause of action can be assigned and retained at the same time.").

Further, even if the employer's insurer chooses to bring its own action against the tortfeasor or to join in the injured employee's, it does not necessarily follow that the insurer must file a notice of claim separate from and in addition to a sufficient notice of claim filed by the injured employee. In *Tate v. Industrial Claim Appeals Office, supra,* 815 P.2d at 18, the supreme court recognized that § 8–41–203(1) does not create any rights different from those of the injured employee:

> The insurer's rights against the tortfeasor derive from the rights of the employee, so limitations and restrictions on the employee's rights necessarily apply to the insurer's derivative subrogation rights.

The supreme court's reference in *Tate* to the insurer's derivative "subrogation" rights while discussing the statutory right of "assignment" is significant. Earlier in the opinion, the court noted the injured employee's right to elect to receive workers' compensation benefits without filing a personal injury action. It concluded: "The workers' compensation insurer then is *subrogated to* the employee's rights *against the tortfeasor* for the amount of the compensation for which the insurer is liable." *Tate v. Industrial Claim Appeals Office, supra,* 815 P.2d at 17 (emphasis added).

Thus, the supreme court has, at least indirectly, construed the reference in § 8–41–203(1) to an "assignment" as creating merely another right of "subrogation" as one of the alternatives available to the employer's insurer. *See also County Workers Compensation Pool v. Davis, supra,* 817 P.2d at 524("If the injured employee elects to take workers' compensation benefits, the payment of such benefits operates as 'an assignment of the cause of action against such other person,' and to that extent the insurer is *subrogated* to the rights of the injured employee against the third party." (emphasis added)); *Martinez v. St. Joseph Hospital & Nursing Home,* 878 P.2d 13, 16 (Colo.App. 1993)("[W]hen [the insurer] assumed the position of plaintiff *as subrogee,* it became subject to the limitations, restrictions, and defenses to which plaintiff was also subject." (emphasis added)); *see generally* 73 Am. Jur.2d *Subrogation* § 111 (1974)(discussing lack of need for an "assignment" to a subrogee).

Construing the statutory "assignment" as merely an alternative right of "subrogation" is consistent with the ordinary understanding of the terms. *See Kirkham v. Hickerson Bros. Truck Co., supra* (subrogation is an act of law, predicated upon satisfaction of the debt by payment, that secures contribution and indemnity, whereas assignment is an act of the parties, predicated upon an agreement, that contemplates a continuation, and transfer, of the whole claim or debt). It is also consistent with the statute limiting the insurer's right of recovery to the amount of compensation paid and permitting the insurer in the alternative to seek reimbursement out of the injured employee's recovery from the tortfeasor. *See Tate v. Industrial Claim Appeals Office, supra.* Finally, it is consistent with the construction provided by courts in states with similar statutes. *See generally* 7 *Larson's, supra,* § 75.41–44 at 14–705 (" 'In no event,' it is said, 'does the assignment amount to more than a right of subrogation to the extent of the amount paid by the employer and insurance carrier.' ").

The limitations and restrictions on the employee's rights "necessarily" apply to the insurer's "derivative" rights of subrogation. *See Tate v. Industrial Claim Appeals Office, supra,* 815 P.2d at 18. It follows from construing the "assignment" in § 8–41–203(1) as another right of subrogation that, "necessarily," no *separate and additional* limitations or restrictions apply to those "derivative" rights. *See Trevino v. HHL Financial Services, Inc.,* 945 P.2d 1345 (Colo.1997). Hence, at least in the circumstances which have been made known to us, we are not aware of any reason why §§ 8–41–203(1) and 24–10–109(1) should be construed to require CCIA to have given a notice of claim separate from and in addition the admittedly sufficient notice of claim filed by the injured employee.

Our statutory construction gives meaning to all the parts of § 8–41–203(1), in particular, the alternative remedies provided for the injured employee and the employer's insurer. It also achieves the statute's purpose: The tortfeasor responsible for the employee's in-

juries, including a government entity or employee, does not escape any part of the liability for damages caused merely because the injured employee has received workers' compensation benefits. Having facilitated the recovery of funds from the tortfeasor, the statute then provides for their division between the injured employee and the employer's insurer. *See Tate v. Industrial Claim Appeals Office, supra; Riss & Co. v. Anderson,* 108 Colo. 78, 83, 114 P.2d 278, 280 (1941)("It is apparent that the statute relied upon is not designed to relieve a third party from the consequence of injuries to another negligently inflicted, but merely affords a means of adjusting rights as between the injured employee and [the] employer ...."); *see also Kirkham v. Hickerson Bros. Truck Co., supra.*

At the same time, construing § 8–41–203(1) as providing alternative subrogation remedies does not defeat the purpose of § 24–10–109(1): The public entity receives from the injured employee a sufficient notice of claim, even without further notice from the employer's insurer, "to permit the public entity to conduct a prompt investigation of the claim and thereby remedy a dangerous condition, to make adequate fiscal arrangements to meet any potential liability, and to prepare a defense." *See Woodsmall v. Regional Transportation District,* 800 P.2d 63, 68 (Colo.1990); *Barham v. Scalia,* 928 P.2d 1381 (Colo.App.1996).

Contrary to defendants' argument, our construction of § 8–41–203(1) is not inconsistent with the decision in *Sneath v. Express Messenger Service, supra.* In characterizing a claim against a tortfeasor as partially "owned" both by the injured employee and by the employer's carrier, the division in *Sneath* was merely explaining that § 8–41–203 grants the employer's insurer only limited rights. As the court there held, those rights do not include authority to control the prosecution of the injured employee's claim. Likewise, they do not include any immediate and outright assignment of any part of an injured employee's cause of action to the employer's insurer, or any new and independent right requiring a separate notice of claim.

Our construction and application of §§ 8–41–103(1) and 24–10–109(1) are likewise not inconsistent with the holding in *Smith v. Winter, supra.* The division there concluded that a separate notice of claim must be filed by a spouse seeking to recover damages for loss of consortium. Such a claim is "derivative" in the sense that it arises out of injuries sustained by the other spouse. However, the division was careful to point out that a claim for loss of consortium gives rise to a separate and individual right to recover damages— damages that, unlike those sought to be recovered by an insurer pursuant to § 8–41–203(1), are separate from, and in addition to, those otherwise recoverable by the injury victim.

In sum, § 8–41–203(1) creates no immediate and outright assignment of any part of an injured employee's cause of action against a negligent tortfeasor. The statute instead creates several interrelated alternatives from which an injured employee and the employer's workers' compensation insurer may choose. These include the insurer being subrogated to the employee's right to bring suit against the negligent tortfeasor, to the extent of workers' compensation benefits paid. No matter which alternative is chosen, the insurer is not required to file a notice of claim separate from and in addition to a sufficient notice of claim filed by the injured employee.

The trial court therefore properly rejected defendants' motion for partial dismissal of plaintiff's complaint.

In light of our ruling, it is not necessary to address the issues raised in CCIA's pleadings, which by an earlier procedural order have been deemed a motion to strike an argument in the defendants' reply brief.

The order is affirmed, and the cause is remanded for further proceedings.

PLANK and CASEBOLT, JJ., concur.