Jose CHAVEZ, Plaintiff–Appellee,

and

Pinnacol Assurance, Plaintiff–Appellant

v.

KELLEY TRUCKING, INC., Defendant.

No. 10CA1720.

Colorado Court of Appeals,
Div. V.

Oct. 13, 2011.

Fogel Keating Wagner Polidori and Shafner, P.C., William L. Keating, Steven R. Polidori, Deirdre E. Ostrowski, Denver, Colorado, for Plaintiff–Appellee.

Ritsema & Lyon, P.C., Michael A. Perales, Denver, Colorado, for Plaintiff–Appellant.

Opinion by Judge CARPARELLI.

Plaintiff Pinnacol Assurance (Pinnacol) appeals the trial court's order denying its motions for forfeiture or apportionment of proceeds from the settlement of noneconomic damages claims between plaintiff Jose Chavez (Chavez) and defendant Kelley Trucking, Inc. (Kelley). Pinnacol asserts that the Workers' Compensation Act requires Chavez to forfeit settlement proceeds for noneconomic damages because he did not obtain Pinnacol's consent to the settlement. We affirm.

## I. Background

Chavez was injured in a motor vehicle accident while acting within the course and scope of his employment and, therefore, received workers' compensation benefits from Pinnacol. Chavez and Pinnacol then jointly filed a complaint against Kelley and two other alleged tortfeasors. The complaint alleged that the defendants negligently failed to control dirt and dust at their earth moving projects, and that the dirt and dust obscured visibility on the adjacent roadways and caused the accident. Chavez alleged that the accident resulted in "permanent, life altering injuries and damages including, without limitation, internal injuries, multiple fractures, past, present, and future loss of income, permanent physical impairment and disfigurement, great pain and suffering and the loss of enjoyment of life." Finally, the joint complaint alleged that Pinnacol, as a workers' compensation insurance carrier, had paid medical expenses and temporary disability for Chavez and anticipated liability for permanent disability benefits. It alleged that Pinnacol was subrogated to Chavez's claims and entitled to recover all sums it paid to him and expended on his behalf.

Chavez and Pinnacol settled with the other two defendants, which left Kelley as the only defendant. Chavez and Pinnacol also entered into a settlement agreement between themselves, resolving the related workers' compensation case. The settlement provided that, in addition to all benefits previously paid, Chavez would receive $100,000 up-front; $2,500 per month for up to 20 years; and a medical custodial account funded with $10,

800 per year for life. It explicitly stated that Pinnacol would retain its subrogation rights.

Chavez also settled with Kelley. In exchange for $150,000, Chavez executed a release of all claims "for non-economic damages for pain and suffering, inconvenience, emotional stress, and impairment of quality of life for bodily, personal and psychological injuries, and the consequences thereof" arising out of the accident. Chavez and Kelley agreed that the settlement "will not settle, release, reduce, compromise or affect any claims or causes of action that were statutorily assigned or subrogated to Pinnacol or are being prosecuted by Pinnacol for the worker[s'] compensation benefits paid or to be paid to [Chavez]."

The court granted Pinnacol a hearing regarding the $150,000 settlement proceeds. Pinnacol argued that the settlement was subject to forfeiture pursuant to section 8–41–203(2), C.R.S.2011, because Chavez did not seek written approval from Pinnacol before settling, or in the alternative, that the settlement was subject to allocation by the court between Chavez and Pinnacol.

The trial court found that the evidence "supports that the settlement and general release as ... set forth for noneconomic damages is ultimately the reasonable amount" and that "there was no attempt to merely label the settlement in order to [in] any way preclude [or] deny Pinnacol its right to exercise [its] sub[ro]gation interests." The court concluded that, under these facts, Chavez was not obligated to give notice to Pinnacol or its chief executive officer.

Pinnacol proceeded to trial against Kelley, but the jury found that Kelley was not negligent and, thus, awarded no damages.

## II. Forfeiture

Pinnacol contends that Chavez must forfeit the $150,000 settlement pursuant to section 8–41–203(2), because he did not seek and obtain from Pinnacol written approval of the settlement. Chavez maintains, however, that he was not required to obtain permission from Pinnacol before settling his claim for noneconomic damages. We agree with Chavez.

### A. Standard of Review

We review the proper construction of statutes de novo to effectuate the intent and purpose of the General Assembly. *See Lobato v. Indus. Claim Appeals Office*, 105 P.3d 220, 223 (Colo.2005). Where statutory language is clear, we apply its plain and ordinary meaning. *Id.* We read the statute as a whole and attempt to construe its terms harmoniously. *State v. Esser*, 30 P.3d 189, 195 (Colo.2001).

We accept the trial court's findings of fact unless they are so clearly erroneous as to have no support in the record. *See M.D.C./ Wood, Inc. v. Mortimer*, 866 P.2d 1380, 1384 (Colo.1994).

### B. Section 8–41–203

#### 1. Pinnacol's Liability for Benefits

■ Under title 8, article 42 of the Workers' Compensation Act of Colorado, Pinnacol is liable for workers' compensation benefits including, among other things, medical and hospital expenses, compensation for physical impairment and disfigurement, and disability payments as compensation for lost wages. Pinnacol is not liable, and does not compensate the employee, for noneconomic damages, such as pain and suffering. *See Reliance Ins. Co. v. Blackford*, 100 P.3d 578, 580 (Colo. App.2004); *Sneath v. Express Messenger Serv.*, 931 P.2d 565, 568 (Colo.App.1996); *Kennedy v. Indus. Comm'n*, 735 P.2d 891, 893 (Colo.App.1986).

#### 2. Pinnacol's Subrogation Rights

■ Pinnacol's payment of benefits operates as an assignment to Pinnacol of the cause of action against an alleged tortfeasor, and Pinnacol is subrogated to the rights of the injured employee. § 8–41–203(1)(b), C.R.S.2011. Thus, Pinnacol's right of subrogation applies to and includes "all compensation and all medical, hospital, dental, funeral, and other benefits and expenses to which the employee ... [is] entitled under [the Act]," and those for which the employer is liable or has assumed liability. § 8–41–203(1)(c), C.R.S.2011; *see Reliance Ins. Co.,* 100 P.3d at 580. Accordingly, Pinnacol may prosecute

claims against third parties to recover such sums.

However, Pinnacol is not "entitled to recover any sum in excess of the amount of compensation for which [it] is liable." § 8–41–203(1)(b). Thus, the assigned and subrogated causes of action and Pinnacol's right to recover future benefits do not extend to amounts the claimant collects for "noneconomic damages awarded for pain and suffering, inconvenience, emotional stress, or impairment of quality of life." § 8–41–203(1)(d)(II), C.R.S.2011; Sneath, 931 P.2d at 568 (Pinnacol "has no interest in any part of the [employee's] claim for non[ ]economic damages"); Martinez v. St. Joseph Hospital & Nursing Home of Del Norte, Inc., 878 P.2d 13, 15 (Colo.App.1993). And nothing in section 8–41–203 limits "in any way the right of the injured employee to take compensation under [the Act] and also proceed against the third party causing the injury to recover any damages in excess of the [insurer's] subrogation rights." § 8–41–203(1)(f), C.R.S.2011.

Divisions of this court have characterized this partial assignment and subrogation of claims as "two claims—one 'owned' by the employee and one 'owned' by [the employer's insurance] carrier." Sneath, 931 P.2d at 568; Kirkham v. Hickerson Bros. Truck Co., 29 Colo.App. 303, 311, 485 P.2d 513, 517 (1971).

### 3. Prosecution of Claims and Settlements

Pinnacol may prosecute or compromise causes of action assigned to it, including those to which it is subrogated. § 8–41–203(2).

An employee may not compromise causes of action to which Pinnacol has been subrogated in an amount "less than the compensation provided for by [the Act]" without the written approval of Pinnacol's chief executive officer. Id. "Failure to obtain such written approval shall entitle [Pinnacol] to be reimbursed for all benefits paid from, and offset any future liability under [the Act] against, the entire proceeds recovered without any credit for reasonable attorneys fees and costs...." Id.

Moreover, an employee may not defeat Pinnacol's subrogation rights by settling causes of action and agreeing with the defendant to characterize the settlement proceeds as noneconomic damages. Sneath, 931 P.2d at 568; Jordan v. Fonken & Stevens, P.C., 914 P.2d 394, 395 (Colo.App.1995); Kennedy, 735 P.2d at 893. However, the employee has not compromised Pinnacol's claims when a properly instructed jury awards damages to the employee and characterizes them as noneconomic damages. Martinez, 878 P.2d at 15–16.

### C. Facts

The settlement agreement between Chavez and Kelley acknowledges that Pinnacol had exercised its subrogation rights and made claims against Kelley. Chavez and Kelley explicitly agreed that the release and settlement between them would not "settle, release, reduce, compromise or affect any claims or causes of action" assigned or subrogated to Pinnacol for benefits it paid or would pay to Chavez.

After Chavez and Kelley executed the settlement agreement, Pinnacol proceeded to trial on its subrogation claims against Kelley. Kelley did not assert its settlement with Chavez as a defense to Pinnacol's claims. At the completion of the trial, the jury found that Kelley was not liable for the injuries Chavez incurred in the accident, and returned a verdict in favor of Kelley.

With regard to Pinnacol's suit to recover the settlement proceeds from Chavez, the trial court found that the evidence supported an award of $150,000 for noneconomic damages and determined that that amount was reasonable.

### III. Analysis and Conclusions

We reject Pinnacol's contention that Chavez was required to seek approval of the settlement and that, because he did not do so, Pinnacol is entitled to recover the settlement proceeds he received from Kelley.

Section 8–41–203(2) explicitly provides that "a cause of action assigned to Pinnacol may be prosecuted or compromised by it." Here, Pinnacol prosecuted the causes of action to which it was subrogated. Nothing in the record indicates that Pinnacol's ability to

prosecute its claims was compromised by Chavez. To the contrary, Chavez and Kelley explicitly and successfully preserved Pinnacol's ability to prosecute the subrogated claims.

Pinnacol asserts that, unlike Chavez, it was required to establish that Kelley was liable. However, Pinnacol does not assert that Chavez's settlement obstructed its ability to pursue its claims, nor does it explain why the settlement of non-subrogated claims would entitle Pinnacol to reimbursement under the forfeiture statute.

Finally, we reject Pinnacol's related assertion that *Colorado Compensation Insurance Authority v. Jones*, 131 P.3d 1074 (Colo.App. 2005), stands for the proposition that settlement proceeds are to be obtained jointly between the injured worker and the insurer. Unlike the present case, the claimant, insurer, and third-party tortfeasor in *Jones* reached a joint settlement of the personal injury action, and the insurer then sought an allocation. Here, Chavez settled only the noneconomic damages portion of the action with Kelley and specifically provided that the settlement did not affect Pinnacol's claim for subrogation. Further, *Jones* does not hold that joint settlement is the only type of settlement permitted under the Act.

Accordingly, Chavez was not required under section 8–41–203(2) to seek and obtain Pinnacol's consent to the settlement.

## IV. Allocation of Settlement Proceeds

█ In the alternative, citing *Jones*, 131 P.3d 1074, Pinnacol asserts that it is entitled to an allocation of $88,500 of the settlement proceeds. We conclude that *Jones* does not require an allocation of the proceeds in this case.

In *Jones*, the claimant and the insurer reached a joint agreement with the tortfeasors regarding the personal injury action, but failed to agree on an allocation of the settlement proceeds. Here, in contrast, Chavez independently settled his claims for noneconomic damages with the tortfeasor, leaving

Pinnacol to pursue its interest in economic damages. In light of the trial court's determination that the settlement was a reasonable amount for Chavez's noneconomic damages and was not intended to compromise Pinnacol's subrogation interest, Pinnacol is not entitled to a share of the proceeds. *See Colo. Comp. Ins. Auth. v. Jorgensen*, 992 P.2d 1156, 1162 (Colo.2000) (absent attempts to circumvent the legitimate subrogation rights of the insurer, insurer is subrogated only to the claimant's rights to economic recovery).

The order is affirmed.

Judge RUSSEL and Judge MÁRQUEZ * concur.